**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.   **CV 22-7181-JFW(PLAx)**                              Date:  October 5, 2022

Title:          SBD Investment 7, LLC -v- Kinsale Insurance Company

─────────────────────────────────────────────────────────────

**PRESENT:**
          **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

          **Shannon Reilly**                                    **None Present**
          **Courtroom Deputy**                              **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                    None                                                            None

**PROCEEDINGS (IN CHAMBERS):**          **ORDER TO SHOW CAUSE WHY THIS ACTION**
                                                        **SHOULD NOT BE DISMISS FOR LACK OF SUBJECT**
                                                        **MATTER JURISDICTION**


          On October 3, 20229, Plaintiff SBD Investment 7, LLC ("Plaintiff") filed a Complaint in this Court against Defendant Kinsale Insurance Company ("Defendant"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).  However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . .'").

          Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  A limited liability company is a citizen of every state of which its members are citizens.  *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  In this case, Plaintiff alleges that it is a limited liability company, but fails to allege who its members are or the citizenship of those members.  Instead, Plaintiff merely alleges that Plaintiff "is a limited liability company existing under the laws of the State of California, with its principal place of business and headquarters in the State of California."  Complaint, ¶ 1.  Therefore, Plaintiff's allegations are insufficient to establish Plaintiff's citizenship.  In addition, Plaintiff alleges Defendant's citizenship on "information and belief."  Complaint, ¶ 2.  Jurisdictional allegations based on information and belief are insufficient to confer jurisdiction.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.");  *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the

best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).  Therefore, Plaintiff has failed to demonstrate that complete diversity exists.

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **October 11, 2022**, why this action should not be dismissed for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.   If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before **October 11, 2022**, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Initials of Deputy Clerk _sr_